UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 10-9167 DSF (PLAx) | Date | 9/26/11 |
|---|---|---|---|
| Title | Marc Mata, et al. v. Citimortgage, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motions to Dismiss (Docket Nos. 63, 66)

Plaintiffs are a married couple who bring various claims related to their mortgage against Defendants Citimortgage, Inc., Citibank, N.A., Citigroup, Inc. ("Citi Defendants") and Bank of America, N.A. ("BofA"). In addition to their individual claims, Plaintiffs seek to represent a nationwide class of allegedly similarly situated people.

The Court previously denied Citimortgage's motion to dismiss Plaintiffs' contract-related claims and their claim under California Civil Code § 1785.25(a), but granted motions to dismiss by Citimortgage as to the other claims and the other Citi Defendants and by BofA as to all claims.

Plaintiffs filed a Second Amended Complaint ("SAC") realleging their contract-related claims and § 1785.25(a) claim against all Citi Defendants and a declaratory relief claim against all Defendants. The declaratory relief claim in the SAC is similar to the one in the First Amended Complaint ("FAC"). Generally, Plaintiffs allege a fraudulent scheme by which major players in the banking industry fail to assign mortgage notes to Real Estate Mortgage Investment Conduits ("REMICs") when securitizing mortgages in order to use those notes again as collateral. Plaintiffs claim that a failure to assign the note to the REMIC means that Citimortgage is not the authorized servicer for their loan because Citimortgage is not acting as the agent of the true owner of the note. (SAC ¶ 17.) Plaintiffs also obliquely allege that certain bailouts may have "extinguished" liability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

under the mortgage notes of some members of the class.  (Id. at 35-38.)

Claims Against Citibank and Citigroup

As in the FAC, the SAC does not adequately state a claim against Citibank or Citigroup.  Citibank and Citigroup are only alleged to have "ratified" and "assisted" Citimortgage's actions.  (See SAC ¶¶ 15-16.)  These conclusory allegations are virtually the same as those in the FAC and are not sufficient, especially given that Plaintiffs' claims sound in fraud, as discussed below.

Declaratory Relief Claim

As an initial matter, Defendants argue that the declaratory relief claim should be pleaded with particularity under Rule 9(b) because the claim sounds in fraud.  "A plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim.  In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading ... as a whole must satisfy the particularity requirement of Rule 9(b)."  Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

> Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong.  Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.  A party alleging fraud must set forth *more* than the neutral facts necessary to identify the transaction.

Id. at 1124 (internal citations, quotations, and ellipses omitted).

The Court agrees that Plaintiffs' declaratory relief claim sounds in fraud and must meet the requirements of Rule 9(b).  The entire premise of the claim is that the Citi Defendants intentionally and fraudulently failed to assign home loan notes to REMICs in the securitization process in order to re-sell those notes to other investors or use the notes as collateral for loans.  (See SAC ¶¶ 7, 29-34.)

The declaratory relief claim does not adequately state a claim under Rule 9(b).  The SAC provides only the most vague allegations and rough framework of the fraudulent scheme.  There are no specifics as to who at Citimortgage took the fraudulent actions, when they took place specifically, or even who, specifically, was defrauded.  Instead, the SAC provides a broad conspiracy theory based largely on "information and belief."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

There are even fewer allegations as to Citibank, Citigroup, and BofA, none of which come even close to connecting those Defendants to the fraudulent scheme with the requisite particularity.

The declaratory relief claim in the SAC also fails for largely the same reasons the claim in the FAC failed. Plaintiffs do not have standing to challenge alleged fraud perpetrated at the expense of REMICs or holders of REMIC securities as there is no allegation that Plaintiffs purchased REMIC securities or otherwise have standing to assert a claim on behalf of a REMIC. Nor do they have standing to assert any claims related to properties that have been foreclosed on or are in the process of being foreclosed on because there is no allegation that they are being, or have been, foreclosed on. (See SAC ¶ 42.) Plaintiffs also provide no basis for their "extinguished note" theory – the theory by which government bailout funds supposedly paid off certain home loan notes. Plaintiffs, in fact, tacitly admit that they have no basis for this allegation, but hope that discovery will turn something up to support their claim. (SAC ¶¶ 36-38.) This is not how the process works. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

There is a nugget of possible validity within the declaratory relief claim. Plaintiffs claim that their note was not properly assigned to the "investor" on whose behalf Citimortgage demands payment. The SAC alleges that proof of a valid assignment has been demanded of Citimortgage, acting as the assignee's agent, that no proof of valid assignment has been produced, and that payment continues to be demanded by Citimortgage on behalf of unnamed "investor[s]." (SAC ¶ 40.) Based on these facts, Plaintiffs believe that a valid assignment to the "investor" – who may or may not be BofA – was not made and seek a declaration that Citimortgage and BofA have no right to demand payment on their note. (See SAC ¶ 56(f), (g).) The Court is satisfied that a dispute exists between the parties as to Plaintiffs' obligations to Citimortgage and BofA under the note sufficient to confer jurisdiction under the Declaratory Relief Act. See also Cockerell v. Title Ins. & Trust Co., 42 Cal. 2d 284, 292 (1954) (burden of proving assignment falls on party asserting rights under the assignment).[1] However, given that

---

[1] The case primarily relied on by Defendants, Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149 (2011), is distinguishable. Gomes held that a debtor did not have the right to challenge the authority of a purported "authorized agent" of a trustee, mortgagee, or beneficiary of a deed of trust to initiate foreclosure proceedings. In reaching this conclusion, Gomes heavily relied on the "comprehensive" nature of California's nonjudicial foreclosure procedures and the absence from those procedures of a method for challenging foreclosure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Plaintiffs have alleged a fraudulent course of conduct that is not pleaded with particularity under Rule 9(b), this aspect of the claim is nonetheless dismissed.

Also, the SAC asks the Court for various relief that does not appear to be appropriate against the Defendants named in the SAC.  Under Plaintiffs' theory, their note was never assigned.  Yet Plaintiffs also ask for a declaration that the improper assignment extinguished various rights held under the note or deed of trust or that Plaintiffs (and members of the class) otherwise do not owe money on their note(s).  (See SAC ¶ 56(a-e), (h), (m), (p-s), (u), (z).)  If Plaintiffs' note was never assigned to Citimortgage or BofA, then there are other parties, not identified or joined in this suit, who have an interest in those issues.  For at least this reason – there may be others – the other declaratory relief requests by Plaintiffs beyond a simple declaration of rights vis-a-vis Citimortgage and BofA are dismissed.

Conclusion

The motions to dismiss with respect to Plaintiffs' claim against Citimortgage and BofA seeking a declaration that Citimortgage and BofA have no rights with respect to Plaintiffs' note, (see SAC ¶ 56(f), (g)), are GRANTED with leave to amend.

The motions are GRANTED without leave to amend in all other respects.  In three iterations of the complaint, the allegations as to Citibank and Citigroup have not improved.  By now, it is clear that the only basis for including these entities in this case is that they are related to Citimortgage, not that they are actually related to any of the facts in this case.  Therefore, the dismissal as to Citibank and Citigroup is without leave to amend.  Plaintiffs' declaratory relief claims based on fraud against REMICs or on foreclosed properties are dismissed without leave to amend as Plaintiffs do not have standing to raise these claims.  Plaintiffs' claims as to government bailout money "extinguishing" notes is also dismissed without leave to amend as it is clear after three versions of the complaint that Plaintiffs have no legal or factual basis for these claims.  Plaintiffs' claims that the failure to assign the note properly somehow extinguished rights under the note or deed of trust cannot be amended against these Defendants because,

---

authority.  See id. at 1154-56; see also Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 270 (2011) (distinguishing collection on assigned debt, where assignee bears burden of showing right to collect, from nonjudicial foreclosure, where there is a presumption of regularity).  Plaintiffs are not in foreclosure and their personal claim does not implicate the California nonjudicial foreclosure statutes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

under Plaintiffs' theory, they are not the proper parties to these claims.

Plaintiffs' amended complaint is due November 7, 2011. Citimortgage and BofA's responsive pleadings are due November 28, 2011.

IT IS SO ORDERED.