UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 10-9167 DSF (PLAx) | Date | 3/8/12 |
| Title | Marc Mata, et al. v. Citimortgage, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART and DENYING IN PART Citimortgage, Inc.'s Motion to Dismiss (Docket No. 96); Order GRANTING IN PART and DENYING IN PART Bank of America's Motion to Dismiss (Docket No. 98)

Defendants Citimortgage, Inc. and Bank of America, N.A. bring separate motions to dismiss the third amended complaint (TAC).

The second amended complaint was dismissed, in part, for failure to plead fraud with the required specificity. Citimortgage again references Rule 9(b), but provides only a conclusory statement that Plaintiffs did not satisfy the rule, with little further argument. The Court declines to make Citimortgage's argument for it. In any event, the TAC is adequately pleaded under the circumstances. The TAC describes what representations are alleged to be false – all of the representations that Defendants have a right to payment on their loan. The TAC also explains, in great detail, why Plaintiffs believe that to be false. The TAC does not provide immense detail about when the false statements were made or specifically by whom, but this is acceptable in the context of allegations that all assertions of entitlement to payment were false. It would serve no purpose to require Plaintiffs to plead several examples of communications demanding payment when there is no dispute that Citimortgage – allegedly on behalf of Bank of America – has repeatedly demanded payment on the loan.

Many of Defendants' challenges to the declaratory relief claims are based on an examination of evidence that is clearly improper at the motion to dismiss stage. Defendants claim that various documents are subject to either judicial notice or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

incorporation by reference into the complaint.  However, judicial notice typically applies only to the existence of a document and its contents, not the truth of the matters within the document.  See United States v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011); Lee v. City of L.A., 250 F.3d 668, 689-90 (9th Cir. 2001).  Incorporation into the complaint is appropriate for documents referred to in the complaint, but only where the authenticity of the documents is not in question.  Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).  There is ample cause for concern as to the authenticity of some of the documents presented by Defendants as the Defendants themselves have taken conflicting positions on the existence and content of the documents throughout the brief history of this litigation.  For example, Citimortgage had previously consistently submitted an alleged copy of Plaintiffs' note that showed no assignments.  Citimortgage conveniently – and at a very late date – discovered a copy of the note with an allonge showing an assignment.  In these circumstances the Court obviously cannot simply assume that the new version of the note is the authentic, valid one and the one submitted by Citimortgage several previous times was invalid.  Citimortgage argues that even if the allonge is not authentic, the unassigned version of the note shows that Citimortgage owns the note through its acquisition of ABN AMRO.  The problem with this argument is that there is no way to be completely confident that either of the two notes that have been presented is actually the valid, authentic note.

  Defendants also argue that two aspects of the declaratory relief requested by Plaintiffs already have been rejected by the Court in ruling on prior motions to dismiss.  The Court previously dismissed, without leave to amend, declaratory relief requests related to foreclosed homes, REMICs, and declarations related to title that could impact third-parties that are not present.  The Court sees no reason to revisit its ruling and the motions to dismiss are granted as to those claims – TAC ¶¶ 38(e),(h),(k),(m).

  Plaintiffs admit that the declaratory relief claim regarding credit reporting, (TAC ¶ 38(j)), does not apply to Bank of America.  They do not mention the claim regarding breach of contract, (TAC ¶ 38(n)), in their opposition.  Even as pleaded against Citimortgage, these claims are redundant of the affirmative credit reporting and breach of contract claims and there is no need for additional declaratory relief.

  The Court declines to reconsider its ruling as to the breach of contract and promissory estoppel claims.  Nungaray v. Litton Loan Servicing, LP, 200 Cal. App. 4th 1499, 1504-1505 (Dec. 1, 2011), does not control the situation here.  In Nungaray, the plaintiffs/borrowers did not satisfy all of their obligations under the loan modification contract.  Id. at 1504.  Therefore, while the lack of lender signature is mentioned, Nungaray did not need to reach the question of whether withholding of the lender's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

signature, by itself, renders a modification contract unenforceable. Nungaray also rejected the plaintiffs/borrowers' promissory estoppel claim, but with no discussion of why it did so – stating only that "neither [servicer] nor the Bank led the Nungarays to believe that a permanent loan was forthcoming." Id. at 1505. Given this fact-based ruling, it appears that the plaintiffs must have failed to meet their burden at summary judgment on this claim. As this case is at the motion to dismiss stage with no presentation of evidence related to promissory estoppel, Nungaray has no effect on the analysis.

The motions to dismiss the declaratory relief claims stated in the TAC ¶¶ 38(e),(h),(j), (k), (m), and (n) are GRANTED as to both Defendants. The motions are DENIED in all other respects.

Defendants' answers are due March 29, 2012.

IT IS SO ORDERED.