MAYER BROWN LLP
ELIZABETH D. MANN (SBN 106524)
*emann@mayerbrown.com*
STEVEN E. RICH (SBN 198412)
*srich@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:   (213) 229-9500
Facsimile:    (213) 625-0248

MAYER BROWN LLP
LUCIA NALE
*lnale@mayerbrown.com*
DEBRA BOGO-ERNST
*dernst@mayerbrown.com*
STEPHEN J. KANE
*skane@mayerbrown.com*
71 South Wacker Drive
Chicago, IL 60606
Telephone:   (312) 782-0600
Facsimile:    (312) 701-7711
*(Admitted Pro Hac Vice)*

Attorneys for Defendant
CITIMORTGAGE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC MATA and SHERRY MARSHALL, individually and on behalf of all others similarly situated, | Case No. CV10-9167 DSF (PLAx) |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | Judge: Hon. Dale S. Fischer |
| CITIMORTGAGE, INC., a New York corporation; BANK OF AMERICA, N.A., a national banking association; All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiffs' Title, or Any Cloud on Plaintiffs' Title Thereto; and DOES 1 through 10, inclusive, | Magistrate Judge: Hon. Paul L. Abrams |
| Defendants. | |

1

701510456.1

Plaintiffs Marc Mata and Sherry Marshall, on behalf of themselves and all others similarly situated ("Plaintiffs"), Defendant CitiMortgage, Inc. ("Citi"), and Defendant Bank of America, N.A. ("BofA") (in the singular, "Party"; collectively, the "Parties") seek this Court's approval and entry of this Stipulated Protective Order (the "Protective Order") pursuant to Federal Rule of Civil Procedure 26(c).

GOOD CAUSE STATEMENT:

The prosecution and defense of these actions may require the discovery or disclosure of documents, information or other material claimed by one or more of the Parties or third parties to be non-public personal financial or other confidential information, or involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the  flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is useful and justified in this matter.  It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case

2

1    and that nothing be so designated without a good faith belief that there is good

2    cause why it should not be part of the public record of this case.  Further, the scope

3    and effect of this Protective Order is governed by the Local Rules and this Court's

4    Standing Order and procedures, and thus does not govern court proceedings in the

5    trial in this action.  This Protective Order is thus entered into for good cause

6    shown.

7                        **TERMS OF PROTECTIVE ORDER**

8              This Protective Order is intended to protect from disclosure documents and

9    information the parties deem to be confidential in accordance with applicable law

10   and rules.  Documents and information so designated may only be disclosed or

11   used as further provided herein.  Pursuant to Rule 26(c) of the Federal Rules of

12   Civil Procedure, it is hereby stipulated by and among the Parties to this action,

13   through their respective counsel and subject to the approval of this Court, as

14   follows:

15             1.     In connection with pretrial discovery proceedings in this action, a

16   Party providing or producing information in any form ("Producing Party") to

17   another Party ("Receiving Party"), including documents and/or all materials within

18   the scope of Fed. R. Civ. P. 34, electronically stored information ("ESI"), tangible

19   things, written discovery responses, answers to requests to admit, and testimony,

20   may designate such items as "CONFIDENTIAL" based on a good faith belief that

21   such items are confidential under this Order and are not otherwise in the public

22   domain.

23             2.     The designation "CONFIDENTIAL" shall be limited to information

24   that the Producing Party reasonably believes contains:

25                         (a)     Trade secret or other confidential research, development, or

26                                 commercial information including, but not limited to,

27                                 confidential policies regarding loan modification requests

28

---

3

701510456.1

and the use of proprietary computer systems, all subject to confidential treatment under Fed. R. Civ. P. 26; and/or

(b) Personal information of a private or sensitive matter including, but not limited to, loan applications, nonpublic financial information regarding Plaintiffs or other borrowers. These documents include, but are not limited to, documents or data containing personally identifiable financial information such as social security numbers, account numbers or loan numbers, and private information that, if disclosed likely would cause substantial harm to a person, such as bank account statements and income tax returns, all subject to confidential treatment under Fed. R. Civ. P. 26.

3. All "CONFIDENTIAL" documents and/or all materials within the scope of Fed. R. Civ. P. 34, ESI, tangible things, written discovery responses, answers to requests to admit, and testimony, along with items or portions thereof that are so designated and the information contained in the documents and other materials:

(a) shall be disclosed, whether oral, written or otherwise, only to the extent permitted by this Protective Order;

(b) shall be used solely for the purpose of the preparation and trial of this action;

(c) shall not be used, directly or indirectly, by any Party for any business, commercial, or competitive purpose, and

(d) no person receiving such information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information to any person other than those specified in Paragraph 11.  Any other use is prohibited.

4

701510456.1

4.     All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal material designated "CONFIDENTIAL" are themselves deemed to constitute confidential matters of the same type whether or not marked or designated as such.

5.     Stamping the legends "CONFIDENTIAL" on the cover of any multi-page document or ESI shall designate all parts of the document or ESI as such unless otherwise stated by the Producing Party.  The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of the Producing Party's right to thereafter designate such information as confidential prior to trial. If documents or ESI are produced preliminarily for the purpose of inspection and designation for copying and have not been marked "PRIVILEGED" or "CONFIDENTIAL" before inspection by the Receiving Party, such inspection shall be made only by counsel of record for the Receiving Party and the associates, paralegals, and secretaries of said counsel who are actively engaged in assisting such counsel in this action.

6.     Any confidential information not reduced to documentary, ESI, tangible or physical form, or which otherwise cannot conveniently be designated in the manner set forth in Paragraph 1 above, shall be designated as "CONFIDENTIAL" by the Producing Party by informing the Receiving Party in writing that the information is confidential and of the class of designation.

7.     The Court has the ultimate authority to determine whether information or material should be designated as "CONFIDENTIAL" notwithstanding a Party's decision to so designate the information or material.

8.     Neither the designation by a Party of any document, information, or deposition testimony as "CONFIDENTIAL"  hereunder, nor its receipt by the

701510456.1

other Party, shall constitute a concession that the document, information, or deposition testimony is CONFIDENTIAL.

9.     In the event that any Party objects to the designation of any document or information as "CONFIDENTIAL" the objecting Party shall provide written notice of the objection to the Producing Party, specifying the materials that are the subject of the objection.  The Producing Party will have 7 business days to respond in writing.   The Parties shall confer in good faith in an effort to resolve the objection within ten days of the Producing Party's written response pursuant to the procedure set forth in Local Rule 37-1.  If the dispute cannot be resolved, the Parties shall follow the procedures set forth in Local Rule 37-2 for preparing the Joint Stipulation.   With respect to timing of those procedures and without modifying Local Rule 37-2, the Producing Party shall personally deliver, e-mail or fax its portion of the stipulation to counsel for the Receiving Party within seven days of the conclusion of the meet and confer.  The Receiving Party then has seven days from receipt to personally deliver, e-mail or fax its portion of the stipulation to the Producing Party.  The Producing Party shall then serve the complete joint stipulation to the Receiving Party for signature no later than the end of the next business day after receipt of the Receiving Party's portion.  The Receiving Party has one business day to sign the joint stipulation, and the Producing Party must file the executed joint stipulation within two business days after receipt.   The Producing Party shall have the burden of proof on any such motion to establish the propriety of its confidentiality designation.  Any documents in dispute shall be treated as originally designated pending resolution by the Court.  If the Parties want to file the Joint Stipulation required by the Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request.  The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions

6

701510456.1

thereof should be filed under seal.

10.     Nothing in this Protective Order shall prevent any Party from objecting to discovery that it believes is improper. In the event that any Party determines to file a motion related to discovery as contemplated by Local Rule 37-2, the Parties agree that the responding party(s) shall have 14 days to respond the Moving Parties' submission of their portion of the Joint Stipulation, rather than the 7 days provided for by Local Rule 37-2.2. All other provisions of Local Rule 37 remain unchanged.

11.     Documents (and all other types of information set forth in Paragraph 2 above) designated as "CONFIDENTIAL" by the Producing Party and all information contained therein shall be kept confidential by the Receiving Party, shall be used solely for the prosecution or defense of this action, and shall be disclosed or made available only to the Court and its staff, including court reporters, and the following persons except as discussed in Paragraphs 12 and 15:

(a)     Counsel of Record for Plaintiffs;

(b)     Counsel of Record for Citi and the in-house counsel for Citi responsible for supervising this action;

(c)     Counsel of Record for BofA and the in-house counsel for BofA responsible for supervising this action;

(d)     Partners, associates, paralegals, secretaries, and other personnel employed or retained by or working under the supervision of counsel described in Subparagraphs (a), (b) & (c) who are actively engaged in assisting such counsel in this action;

(e)     Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not), and together with their respective assistants and clerical staff, who are

701510456.1

actively engaged in assisting the counsel described in Subparagraphs (a), (b) and (c) in this action provided they meet the requirements of Paragraph 15 of this Protective Order;

(f) The parties and their current and former officers, directors, in-house counsel and employees deemed necessary to aid counsel in the conduct of the above-captioned action;

(g) A witness at any deposition or other proceeding, or any person counsel reasonably believes may be a witness in this action;

(h) A witness who has or has had access to the information or who was an author or recipient of the information;

(i) Copying or imaging services or court reporters associated with or retained by a party in connection with this action;

(j) Mock trial participants provided that they sign a document in the form of Exhibit A hereto, and are not permitted to retain any CONFIDENTIAL materials;

(k) A settlement judge or mediator to whom the parties mutually agree; and

(l) Any other person or entity as to whom counsel for the producer or provider of the confidential information agrees in writing, or whom the Court directs, shall have access to such information.

12.     To the extent not redacted, "nonpublic personal information" and "personally identifiable financial information," as defined under 12 C.F. R. § 40.3, 16 C.F.R. § 313.3 and/or the regulations related thereto ("Consumer Financial Privacy Laws") that can be traced to an individual, may be produced on the

8

condition that any such data, documents, and/or information so produced may be disclosed, if at all, only to the following categories of persons: (i) individuals identified in Paragraphs 11(a), (b) and (c); (ii) the Court and its staff; (iii) provided that requirements of Paragraph 15 are met, the persons identified in Paragraph 11(e); (iii) persons who are the subject of the data, documents and/or information disclosed; (iv) individuals designated by the Producing Party as its Fed. R. Civ. P. 30(b)(6) witness(es); and (v) those individuals approved by this Court upon motion of any party.

13.   All individuals to whom "CONFIDENTIAL" information is to be disclosed shall be informed of the existence of this Protective Order, shall be provided with a copy thereof, and shall be instructed that material designated pursuant to this Protective Order may not be used other than in connection with this action and may not be disclosed to anyone other than those persons contemplated by this Protective Order.  Legal counsel for the discovering Parties shall take reasonable steps to insure adherence to the terms and conditions of this Protective Order by their respective stenographic and clerical employees.

14.   Material designated as "CONFIDENTIAL" under this Protective Order shall not be revealed to any person not designated in Paragraph 11, unless the Party producing the designated material assents in writing to the disclosure or unless the Court otherwise directs.  If any court, arbitration tribunal, or an administrative or government agency requests, demands, subpoenas, or orders production of material designated as "CONFIDENTIAL" that a Party has obtained under the terms of this Protective Order, before turning over the material, to the extent practicable without disobeying a lawful order or demand, such Party shall promptly (not more than twenty-four (24) hours after receipt of such request, demand, subpoena, or order) notify the Party that so designated the material at issue as "CONFIDENTIAL" of the pendency of such request, demand, subpoena,

or order, afford a reasonable opportunity for the Party that so designated such material to oppose the request, demand, subpoena, or order and will not produce the material before the date compelled by law. Nothing in this paragraph is intended to require a party to disobey a lawful demand, subpoena or order.

15.    Disclosure of documents designated as "CONFIDENTIAL" to the persons described in Paragraph 11(e) shall be solely for evaluation, testing, testimony, preparation for trial, or other services related to this action.  Any such person shall execute a "Non-Disclosure Agreement" in the form attached as Exhibit A hereto, stating that he or she has read and understands this Protective Order and agrees to be bound by its terms, before any "CONFIDENTIAL" documents are shown to that person.  The original Exhibit A shall be maintained by counsel of record for the Party on whose behalf the outside consultant, technical advisor, or expert witness has been employed or retained.

16.    Opposing counsel shall be notified at least fourteen (14) days before disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the Party whose designated documents are sought to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit an objection to be made.  If a Party objects in writing to such disclosure within fourteen (14) days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court after filing a motion and joint stipulations as set forth in Local Rule 37 and pursuant to the procedures described in Paragraph 9 above. If the parties want to file the motion and joint stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request.  The parties must set forth good cause in the stipulation  or ex parte application as to why the joint stipulation  or portions thereof should be filed under

701510456.1

seal. This paragraph does not apply to testifying or consulting experts of the Parties provided they meet the requirements of Paragraph 15 of this Protective Order, including, but not limited to, the requirement to read and execute Exhibit A.

17.    Third parties producing documents in the course of this action may also designate information as "CONFIDENTIAL," subject to the same protections and constraints as the Parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "CONFIDENTIAL" for a period of fourteen (14) days from the date of their production to the extent they contain material subject to the Consumer Financial Privacy Laws and/or are from a third party who owes a Party a duty of confidentiality whether through an agreement with that Party or otherwise, and during that period any Party may designate such documents as "CONFIDENTIAL" pursuant to the terms of the Protective Order.

18.    Unless otherwise agreed, deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this action shall be treated as "CONFIDENTIAL" for a period of fifteen (15) business days, or such different number of days as the Parties may agree, after receipt of such deposition transcript and/or video recordings, to allow time for the deponent or counsel for that deponent, or any Party or its counsel, to notify all Parties of any "CONFIDENTIAL" matter.  A Party to this action also may designate in writing, after receipt of the deposition transcript or video recording for which the designation is made, those pages of the transcript or portions of the recording to be treated as "CONFIDENTIAL." A Party to this action may also designate matter disclosed during a deposition as "CONFIDENTIAL" by so stating on the record during the deposition; the other Party may, but need not, object to such designation on the record.  After any designation made according to the procedure set forth in

701510456.1

this Paragraph, the designated matter shall be treated according to the designation until any dispute is resolved according to the procedures described in Paragraph 9 above. The deposition of any witness (or any portion of such deposition) that encompasses information designated "CONFIDENTIAL" shall be taken only in the presence of persons who are qualified to have access to such information.

19.     If materials designated as "CONFIDENTIAL" or quotations from and/or references to such materials, are to be included in papers filed with the Court before trial, such papers shall be filed under seal pursuant to applicable rules until further order of the Court.  Even if the filing party believes that the materials subject to the Protective Order are not properly classified as "CONFIDENTIAL" the filing party shall file such papers under seal pursuant to applicable rules; provided that the filing of any such materials under seal will not prejudice the filing party's rights to challenge the "CONFIDENTIAL" designation of such materials.  To the extent that the Court requires leave to file "CONFIDENTIAL" documents or information under seal, the Parties agree to abide by such process.

20.     This Order shall not apply to the Parties' trial, if one occurs, nor the handling of information during trial.  Before disclosure at trial or a hearing of materials or information designated "CONFIDENTIAL" any Party may seek further protections against public disclosure from the Court for good cause shown.

21.     Nothing herein shall impose any restrictions on the use or disclosure by a Party of information obtained by such Party independent of discovery in this action, whether or not such information is also obtained through discovery in this action, or from disclosing its own "CONFIDENTIAL" information as it deems appropriate except to the extent that such information includes sensitive personal or private financial information  about another party.  However, a Party to this action may prospectively declare that items and information designated as "CONFIDENTIAL," which are in the custody of a third person/party and to be

12

701510456.1

produced through discovery in this action, are protected under this Protective Order based on a good faith belief that such material is CONFIDENTIAL within the meaning of this Protective Order.  Counsel for the Party receiving such items and information shall treat them as so designated until such time as the designating Party has had a reasonable opportunity to review and stamp the received items and information in accordance with this Protective Order.

22.    Any inadvertent disclosure of information that otherwise is not discoverable for reasons of the attorney-client privilege, work product privilege, or other privilege, doctrine, or immunity, shall be governed by the Federal Rule of Civil Procedure and the Federal Rules of Evidence.

23.    Upon request of the Producing Party, within sixty (60) days after the final disposition of all claims and defenses in this action, by settlement or expiration of time to appeal ("Final Disposition"), all documents designated as "CONFIDENTIAL" and all materials produced by a Party that contain "CONFIDENTIAL" information, including all extracts, reproductions, and summaries of such information, shall be destroyed or returned to counsel for the Producing Party or its counsel.  Such destroyed or returned materials shall include any pages of the deposition transcripts containing confidential information, but counsel for the Producing Party agrees to maintain a full set of deposition transcripts and exhibits containing confidential information for a period of seven years following the Final Disposition.  Such destroyed or returned materials shall not include attorneys' notes or work product.  Counsel of record for the Parties also shall be entitled to retain a set of all documents filed with the Court or presented at trial, related Exhibits, a full set of non-confidential deposition transcripts, and all correspondence generated in connection with this action.  Counsel for each Party shall certify that the provisions of this Paragraph have been satisfied by sending opposing counsel a letter confirming compliance within the sixty (60) day period.

[PROPOSED] STIPULATED PROTECTIVE ORDER; CASE NO. 11-CV-9167 (DSF) (PLAX)

701510456.1

The Parties agree to direct the court reporters to keep copies of the deposition transcripts.

24.   The Parties agree that the filing and entry of this Protective Order shall not constitute a waiver of any rights under any applicable law, court rules, or both.   The Parties further agree that no action taken pursuant to the Protective Order shall be construed as a waiver of any claim or defense in this action or of any position as to discoverability or admissibility of evidence.

25.   The obligations imposed by the Protective Order shall survive the termination of this action.

26.   The parties hereby agree to abide by the terms of this Protective Order during any interim period prior to its entry and shall continue to abide by its terms after its entry absent a contrary order of the Court.

Dated:  June 13, 2012          MAYER BROWN LLP

                               By: */s/  Steven E. Rich*_____

                               Elizabeth D. Mann
                               Steven E. Rich
                               Lucia Nale
                               Debra Bogo-Ernst
                               Stephen J. Kane

                               Attorneys for CitiMortgage, Inc.

Dated:  June 13, 2012          ARIAS OZZELLO & GIGNAC LLP

                               By:*/s/  Mark F. Didak*_____

                               Mike Arias
                               Mark A. Ozzello
                               Mark F. Didak
                               Alfredo Torrijos

                               Attorneys for Plaintiffs

14

701510456.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:   June 13, 2012                 REED SMITH LLP

By: */s/  John D. Pingel*

David S. Reidy
John D. Pingel

Attorneys for Bank of America, N.A.

**IT IS SO ORDERED:**

Dated  June 14, 2012

_____
United States Magistrate Judge
Paul L. Abrams

15

[PROPOSED] STIPULATED PROTECTIVE ORDER; CASE NO. 11-CV-9167 (DSF) (PLAX)

701510456.1

**<u>EXHIBIT A</u>**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC MATA and SHERRY MARSHALL, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>         v.<br><br>CITIMORTGAGE, INC., a New York corporation; BANK OF AMERICA, N.A., a national banking association; All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiffs' Title, or Any Cloud on Plaintiffs' Title Thereto; and DOES 1 through 500, inclusive,<br><br>                    Defendants. | Case No. 10-CV-9167 DSF (PLAx)<br><br>**NON-DISCLOSURE AGREEMENT** |

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order in this action, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court and that at the conclusion of the litigation I will return, or certify the destruction of, all discovery information to the Party or attorney from whom I received it.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

**Executed On:** _____        _____
                       (Date)                                                (Signature)

16

701510456.1