1  MAYER BROWN LLP
   ELIZABETH MANN (SBN 106524)
2  *emann@mayerbrown.com*
   STEVEN E. RICH (SBN 198412)
3  *srich@mayerbrown.com*
   350 South Grand Avenue, 25th Floor
4  Los Angeles, CA  90071-1503
   Telephone:   (213) 229-9500
5  Facsimile:    (213) 625-0248

6  MAYER BROWN LLP
   LUCIA NALE
7  *lnale@mayerbrown.com*
   DEBRA BOGO-ERNST
8  *dernst@mayerbrown.com*
   STEPHEN J. KANE
9  *skane@mayerbrown.com*
   71 South Wacker Drive
10 Chicago, IL 60606
   Telephone:  (312) 782-0600
11 Facsimile:   (312) 701-7711
   (*Admitted Pro Hac Vice*)

12
   Attorneys for Defendant
13 CITIMORTGAGE, INC.

14
                  **UNITED STATES DISTRICT COURT**
15
        **CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION**
16

17 MARC MATA and SHERRY              Case No. CV10-9167 DSF (PLAx)
   MARSHALL, individually and on behalf
18 of all others similarly situated,   **DEFENDANT CITIMORTGAGE,**
                                       **INC.'S MEMORANDUM OF**
19              Plaintiffs,            **POINTS AND AUTHORITIES IN**
                                       **SUPPORT OF ITS MOTION TO**
20      v.                            **STRIKE CLASS ALLEGATIONS**

21 CITIMORTGAGE, INC., a New York      Date:    July 16, 2012
   corporation; BANK OF AMERICA,       Time:    1:30 p.m.
22 N.A., a national banking association; All   Judge:   Hon. Dale S. Fischer
   Persons Unknown, Claiming Any Legal
23 or Equitable Right, Title, Estate, Lien or   *[Notice of Motion and Motion;*
   Interest in the Property Described in the    *Declaration of Steven E. Rich in*
24 Complaint Adverse to Plaintiffs' Title, or   *Support; [Proposed] Order*
   Any Cloud on Plaintiffs' Title Thereto;      *concurrently filed herewith]*
25 and DOES 1 through 10, inclusive,

26              Defendants.

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3  I.     INTRODUCTION ........................................................................1

4  II.    SUMMARY OF ALLEGATIONS CONCERNING THE
        PURPORTED POOL CLASS.......................................................3

5
   III.   LEGAL STANDARD.................................................................5
6
   IV.    THE CLASS ALLEGATIONS CONCERNING THE PURPORTED
7         POOL CLASS CLAIMS SHOULD BE STRICKEN ...................................7

8         A.     The Putative Class Does Not Satisfy Rule 23(a)(2) Or 23(b) .............7

9                i.     Plaintiffs Cannot Satisfy Rule 23(a)(2) ....................................7

1                ii.    Plaintiffs Cannot Satisfy Rule 23(b)........................................7

0                       a.     Individual issues predominate over any common
                               issue...................................................................9

1                       b.     Class adjudication is inferior to individual suits...........12

1         B.     The Named Plaintiffs' Claims Are Not Typical Of The
1                Purported Class Claims And They Are Not Adequate Class
                 Representatives...............................................................12

2         C.     The Class Is Not Ascertainable .......................................................14

1  V.     CONCLUSION ........................................................................16
3

1

4

1

5

1

6

1

7

1

8

1

9

CITIMORTGAGE, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STRIKE
CLASS ALLEGATIONS; NO. 10-9167 DSF (PLAx)

1

## **TABLE OF AUTHORITIES**

2

3

**Page(s)**

CASES

4

*Alaska v. Suburban Propane Gas Corp.*,

5
   123 F.3d 1317 (9th Cir. 1997)............................................................................13

6

*Amchem Prods., Inc. v. Windsor*,

7
   521 U.S. 591 (1997)...............................................................................9, 11, 12

8

*Andrews v. Chevy Chase Bank*,

9
   545 F.3d 570 (7th Cir. 2008)..............................................................................11

10

*Brazil v. Dell, Inc.*,

11
   585 F. Supp. 2d 1158 (N.D. Cal. 2008)..........................................................14, 15

12

*Bureerong v. Uvawas*,

13
   922 F. Supp. 1450 (C.D. Cal. 1996)....................................................................6

14

*Cholakyan v. Mercedes-Benz, USA*,
   No. 10–05944, 2012 WL 1066755 (C.D. Cal. Mar. 28, 2012)........................8, 9

15

*Ellis v. Costco Wholesale Corp.*,

16
   657 F.3d 970 (9th Cir. 2011).............................................................................13

17

*Evans v. IAC/Interactive Corp.*,

18
   244 F.R.D. 568 (C.D. Cal. 2007) (Fischer, J.)....................................................13

19

*Fantasy, Inc. v. Fogerty*,

20
   984 F.2d 1524 (9th Cir. 1993)............................................................................6

21

*Gartin v. S&M NuTec, LLC*,

22
   245 F.R.D. 429 (C.D. Cal. 2007) ......................................................................12

23

*Gates v. Rohm & Haas Co.*,

24
   655 F.3d 255 (3d Cir. 2011)..............................................................................11

25

*Gen. Tel. Co. v. Falcon*,
   457 U.S. 147 (1982)............................................................................................6

26

*Great-West Life & Annuity Ins. Co. v. Knudson*,

27
   534 U.S. 204 (2002)............................................................................................8

28

ii

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998)............................................................................9

*Hanon v. v. Dataproducts Corp.*,
  976 F.2d 497, 508 (9th Cir. 1992). ..................................................................13

*Heffelfinger v. Elec. Data Sys. Corp.*,
  No. 07-00101, 2008 WL 8128621 (C.D. Cal. Jan. 7, 2008)..............................15

*Hovsepian v. Apple, Inc.*,
  No. 08-5788, 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ..............................6

*In re Paxil Litig.*,
  212 F.R.D. 539 (C.D. Cal. 2003) .....................................................................12

*John v. Nat'l Sec. Fire & Cas. Co.*,
  501 F.3d 443 (5th Cir. 2007)............................................................................14

*Kamm v. Cal. City Dev. Co.*,
  509 F.2d 205 (9th Cir. 1975)..............................................................................6

*Kandel v. Brother Int'l Corp.*,
  264 F.R.D. 630 (C.D. Cal. 2010) .....................................................................13

*Legge v. Nextel Cmmc'ns*,
  No. CV 02–8676, 2004 WL 5235587 (C.D. Cal. June 25, 2004)
  (Fischer, J.) ......................................................................................................13

*Mad Rhino, Inc. v. Best Buy Co.*,
  No. 03–5604, 2008 WL 8760854 (C.D. Cal. Jan. 14, 2008)..............................15

*Randleman v. Fidelity Nat'l Title Ins. Co.*,
  646 F.3d 347 (6th Cir. 2011)............................................................................15

*Richards v. Delta Air Lines*,
  453 F.3d 525 (D.C. Cir. 2006) ...........................................................................8

*Rodriguez v. Gates*,
  No. 99-13190, 2002 WL 1162675 (C.D. Cal. May 30, 2002)............................15

*San Pedro Boat Works, Inc. v. Water Quality Ins. Syndicate*,
  No. 04-08495, 2006 WL 4811383 (C.D. Cal. Jan. 13, 2006)..............................5

*Sanders v. Apple, Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009).........................................................6, 10

iii

*Stearns v. Select Comfort Retail Corp.*,
  No. 08-2746, 2009 WL 4723366 (N.D. Cal. Dec. 14, 2009) ...........................10

*Stearns v. Ticketmaster Corp.*,
  655 F.3d 1013 (9th Cir. 2011)............................................................13

*Tidenberg v. Bidz.com*,
  No. 08–5553, 2010 WL 135580 (C.D. Cal. Jan. 7, 2010)..................................14

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011).........................................................7, 8, 9, 13

*Zinser v. Accufix Research Inst., Inc.*,
  253 F.3d 1180 (9th Cir. 2001)..............................................................9, 11, 12

RULES

Fed. R. Civ. P. 12(f)...............................................................................5

Fed. R. Civ. P. 23..............................................................................6, 14

Fed. R. Civ. P. 23(a)(2)..........................................................................7

Fed. R. Civ. P. 23(a)(3)........................................................................12

Fed. R. Civ. P. 23(a)(4)........................................................................13

Fed. R. Civ. P. 23(b) ............................................................................7

Fed. R. Civ. P. 23(b)(1).........................................................................8

Fed. R. Civ. P. 23(b)(2)......................................................................8, 9

Fed. R. Civ. P. 23(b)(3).........................................................................9

Fed. R. Civ. P. 23(b)(3), 1966 Adv. Comm. Note ....................................12

Fed. R. Civ. P. 23(c)(1)(A) ....................................................................6

Fed R. Civ. P. 23(d)(1)(D) .....................................................................6

OTHER AUTHORITIES

5 *Moore's Federal Practice* § 23.21[3][c] ...........................................14

iv

## I.      INTRODUCTION

Plaintiffs Marc Mata and Sherry Marshall purport to bring claims on behalf of three distinct classes, as set out in Plaintiffs' Fourth Amended Class Action Complaint ("FAC").[1]  Plaintiffs assert claims on behalf of a putative nationwide class of borrowers whose mortgages were sold by ABN AMRO Mortgage Group, Inc. to Merrill Lynch Bank USA as part of a pool of loans that included the named Plaintiffs' loan.  Plaintiffs refer to this putative class as the "Pool Class" in the FAC.  FAC ¶ 27(a).  Plaintiffs also seek to represent two purported nationwide classes comprised of certain borrowers with loans that are properly serviced by Citi or by Bank of America but who did not receive loan modifications.  Plaintiffs refer to this as the "HAMP Modification Class" or "HAMP Class."  *Id.* ¶ 27(b); *see id.* ¶ 27(c) (alleging identical class of borrowers who also were subject to negative credit reporting).  While none of these classes could be certified, Citi asks in this motion that the Court strike the class allegations relating to the purported Pool Class.

Plaintiffs base the supposed Pool Class Claims on allegations that Defendants lack the right to enforce these putative class members' mortgage documents.  Even if these allegations had merit—which they do not—they require the Court to engage in an endless series of individual inquiries for each putative class member.  As this Court observed when considering these issues during argument on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint:

> I can't really tell what it is you want, much less what I might be legally able to do, based on your claims, and I don't think you can accomplish in a class action what you seem to be hoping to

---

[1]  The parties have stipulated to Plaintiffs' filing their Fourth Amended Class Action Complaint ("FAC").  In their FAC, Plaintiffs narrow the putative class definition set forth in ¶ 27(a), in comparison with that set forth in the same paragraph of the Third Amended Class Action Complaint.  However, other than the narrowed class definition, which is discussed in this Motion to Strike in detail, the FAC asserts essentially the same claims as the Third Amended Class Action Complaint.  For a detailed description of the changes in the FAC, see the Stipulation For Filing Of Fourth Amended Complaint.  Dkt. 126.

1

accomplish here. But, in any event, this case is not likely to proceed as a class action. I have an open mind, if you can convince me otherwise, but based on the present state of the law, I don't see it, certainly not with this class definition.

\* \* \*

You [Defendants] don't need to turn over any other documents relating to any other people at this point because, as I said, I can't imagine this is going forward as a class action.[2]

The Court's initial reaction that it could not imagine many of Plaintiffs' claims going forward as class claims was correct. Despite having redefined the putative Pool Class in the FAC, Plaintiffs' Pool Class allegations remain deficient for four independent reasons, all of which are clear on the face of the complaint:[3]

*First*, even if there were some common issue—and there is not—individual issues about document authenticity, loan ownership, servicing rights, and credit reporting predominate, including questions concerning the appropriate remedy for each purported class member.

*Second*, the highly-individualized nature of the purported Pool Class Claims makes class adjudication inferior to individual suits, especially because the class allegations require the Court to individually examine whether either Defendant owns or has the right to enforce each borrower's loan, in order to determine the appropriate remedy for each putative class member, and there is no class-wide mechanism for doing so. Therefore, the Court would have to individually review each purported class member's loan documents, any loan sale and servicing agreements, and other evidence to determine whether class members are entitled to the requested remedies—*e.g.*, that the Court void each class member's note, give title to each class member, and require Defendants to refund all note payments.

---

[2] Hearing on Citi's Motion to Dismiss Second Amended Complaint, at 3:21 – 4:3; 7:3-5 (Sept. 26, 2011) (attached as Exhibit A to the Declaration of Steven E. Rich ("Rich Decl.")).

[3] Citi brings this motion to address preliminary concerns regarding the propriety of maintaining this action as a class action based on facts alleged in the pleadings. Citi does not bring this motion based on facts adduced during discovery, which has just begun. Should this become necessary, Citi reserves its right to challenge class certification after appropriate discovery.

1    FAC ¶ 38(m).

2         *Third*, the claims asserted by the named Plaintiffs are not typical of the

3    putative class's claims, and Plaintiffs are not adequate representatives of the

4    alleged class.  The unique issues that have emerged with regard to the ownership

5    and authenticity of Plaintiffs' note only highlight the need for Plaintiffs to focus on

6    their own claims, distracting them from adequately representing the putative class.

7         The Court expressed similar concerns at the hearing on Citi's Motion to

8    Dismiss the Third Amended Complaint, where the parties engaged in an extensive

9    discussion of Plaintiffs' theory that Defendants lack the right to enforce Plaintiffs'

10   note because the loan documents are supposedly inauthentic.  The Court observed:

11        I'm not at all sure that this is an appropriate case for a class
          action, and certainly not at all sure that these two plaintiffs are
12        appropriate plaintiffs considering all that's gone on so far.  It
          seems that they would be certainly distracted by issues that
13        probably don't apply to other potential plaintiffs.

          [M]y comments were relating, really, I suppose to the adequacy
14        or typicality or whatever that catchword is as to the plaintiffs.[4]

15

16        *Fourth*, the class is not sufficiently ascertainable.  The putative class

17   definition, though now refined and limited to a nationwide class of individuals

18   whose mortgages are in the same pool of loans as the Matas', still requires the

19   Court to examine individual loan documentation and other evidence to determine

20   whether either Defendant owns or has the right to enforce each borrower's loan

21   within the pool.  In other words, the Court still must determine Defendants'

22   purported liability to each class member just to figure out who is entitled to what

23   remedies in the class.

24   **II.    SUMMARY OF ALLEGATIONS CONCERNING THE PURPORTED**

25        **POOL CLASS**

26        This motion addresses the following putative class defined in the complaint:

27   "All persons in the United States whose mortgages were actually or purportedly

28   ---
     [4] Hearing on Citi's Motion to Dismiss Third Amended Complaint, at 13:6-11;
     28:16-19 (Mar. 5, 2012) (attached as Exhibit B to Rich Decl.).

1   sold by ABN AMRO Mortgage Group, Inc. to Merrill Lynch Bank USA as part of

2   the same group or pool of loans that included the Mata loan (hereinafter the "Pool

3   Class")." FAC ¶ 27(a).

4        Plaintiffs' central allegation is that although Citi services their loan and

5   Bank of America has identified itself as the owner of the loan (*id.* ¶ 4), neither is

6   "entitled to enforce the Mata loan." *Id.* ¶ 38(a).  The FAC bases this on the

7   purported absence of an "endorsement indicating any transfer" from ABN AMRO

8   Mortgage Group (Plaintiffs' original lender) to Merrill Lynch (the purchaser of

9   Plaintiffs' loan and Bank of America's predecessor) "on either the plaintiffs' note

10  or [deed]." *Id.* ¶ 12.[5]  Plaintiffs believe that this alleged absence of an endorsement

11  "constituted a failure to perfect the sale from ABN to Merrill, resulting in Merrill

12  and its successors, [Bank of America] and any subsequent purchaser, lacking an

13  interest in plaintiffs' note." *Id.* ¶ 13.  Therefore, Plaintiffs allege, neither

14  Defendant rightfully collected payments on their mortgage note, nor could they

15  take other action to enforce the note. *E.g.*, *id.* ¶ 1.  Plaintiffs thereafter generalize

16  that similar issues apply to all members of this putative Pool Class.

17        Plaintiffs seek a host of individualized declaratory judgments on behalf of

18  each putative class member relating to the purported Pool Class Claims.  *See*, *e.g.*,

19  *id.* ¶ 30(d) ("[w]hether defendants have the right to demand or collect any

20  payments . . . with respect to notes as to which they are neither the legal owners

21  nor persons otherwise entitled to enforce the notes"); ¶ 30(e) (whether Defendants

22  must "reimburse" amounts collected on notes despite not being legal owners or

23  persons otherwise entitled to enforce the notes).  Plaintiffs also seek individualized

24  determinations, for some members of this class, on the question of whether

25

26  [5] Although Citi's motion is focused entirely on the pleadings, and not on the factual record adduced to date, Citi has produced documents showing its proper
27  status as servicer of the Mata's note. Dkt. No. 96-1 at 29 (attaching Plaintiffs' note with allonge executed by ABN AMRO endorsing note to blank); *id.* at 23
28  (attaching assignment of deed of trust executed by ABN AMRO assigning deed to blank).

4

1    Defendants made "credit reports regarding mortgage notes while lacking actual

2    authority to do so." *Id.* ¶ 30(c). Finally, Plaintiffs also seek an individualized

3    determination voiding each putative class member's note, vesting title in each

4    Plaintiff, and requiring Defendants to refund all payments that Defendants have

5    collected from each putative class member under the notes. *Id.* ¶ 38(m).[6]

6    **III.    LEGAL STANDARD**

7        The Court may strike "irrelevant" material from a pleading "on its own" at

8    any time. Fed. R. Civ. P. 12(f). Although Defendants have answered Plaintiffs'

9    Complaint, Plaintiffs have recently chosen to make the enforceability of each class

10   member's note the central focus of their expansive discovery requests.[7] As such,

11   Citi asks this Court to rule on its motion in order to save the Court and the parties a

12   great deal of time and effort dealing with claims that could never be certified as a

13   class action. *See San Pedro Boat Works, Inc. v. Water Quality Ins. Syndicate*, No.

14   04-08495, 2006 WL 4811383, at * 3 (C.D. Cal. Jan. 13, 2006) (granting motion to

15   strike after defendant had already filed an answer).

16       Rule 12(f) authorizes courts to strike "from any pleading any insufficient

17   defense or any redundant, immaterial, impertinent, or scandalous matter." It

18   ─────────────────
     [6] The Court has dismissed Plaintiffs' declaratory relief requests as to foreclosure
19   and note securitization. Dkt. No. 111 at 2. As such, Plaintiffs' class allegations
     relating to foreclosures have been stricken. Plaintiffs note that the FAC "contains
20   claims and allegations of the Third Amended Complaint that were dismissed by the
     Court on defendants' respective motions to dismiss. Plaintiffs are not attempting
21   to restore any claims or allegations to this case that the Court has dismissed." FAC
     at p. 2 n.1.

22   [7] *E.g.*, Plaintiffs' First Demand for Production and Inspection of Documents to
23   Defendant CitiMortgage, Inc., Mar. 14, 2012 (requesting Plaintiffs' original
     mortgage note and any allonges or indorsements for chemical testing); Plaintiffs'
24   Second Demand for Production and Inspection of Writings to Defendant
     CitiMortgage, Inc., Apr. 6, 2012 (requesting class-wide discovery related to claims
     concerning Defendants' right to enforce and legal ownership of notes, including
25   various documents pertaining to the note, deed of trust, and attendant agreements)
     *and* Plaintiffs' Third Demand for Production and Inspection of Writings to
26   Defendant CitiMortgage, Inc., Apr. 24, 2012 (requesting various documents
     pertaining to right to enforce and service the notes on a class-wide basis).
27   Plaintiffs recently served 30(b)(6) deposition notices with extensive document
     demands on Defendants concerning the question of the validity and enforceability
28   of the notes belonging to putative class members.

─────────────────

1   functions to "avoid the expenditure of time and money that must arise from

2   litigating spurious issues by dispensing with those issues prior to trial." *Bureerong*

3   *v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (citing *Fantasy, Inc. v.*

4   *Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S.

5   517 (1994)).  "Immaterial" means that a matter has *no bearing* on the controversy

6   before the court.  *Fantasy, Inc.*, 984 F.2d at 1527.

7        Where the complaint demonstrates that a class action cannot be maintained

8   on the facts alleged, a defendant may move to strike class allegations prior to

9   discovery.  *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982) ("[s]ometimes the

10  issues are plain enough from the pleadings to determine whether the interests of the

11  absent parties are fairly encompassed within the named plaintiff's claim"); *Sanders*

12  *v. Apple, Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("[w]here the complaint

13  demonstrates that a class action cannot be maintained on the facts alleged, a

14  defendant may move to strike class allegations prior to discovery"); *see also Kamm*

15  *v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975).

16       Rule 23 also includes a mechanism for excising defective class allegations

17  before discovery, establishing that a court "must – at an early practicable time –

18  determine by order whether to certify the action as a class action."  Fed. R. Civ. P.

19  23(c)(1)(A).  Rule 23 further authorizes district courts to make orders "requiring

20  that the pleadings be amended to eliminate . . . allegations as to representations of

21  absent persons, and that the action proceed accordingly . . ."  Fed R. Civ. P.

22  23(d)(1)(D); *see Hovsepian v. Apple, Inc.*, No. 08-5788, 2009 WL 5069144, at *2

23  (N.D. Cal. Dec. 17, 2009) ("[u]nder Rules 23(c)(1)(A) and 23(d)(1)(D), as well as

24  pursuant to Rule 12(f), this Court has authority to strike class allegations prior to

25  discovery if the complaint demonstrates that a class action cannot be maintained").

26       For the reasons explained below, Plaintiffs' complaint makes clear on its

27  face that all purported class allegations related to the purported Pool Class are

28  immaterial and should be stricken.

## IV.    THE CLASS ALLEGATIONS CONCERNING THE PURPORTED POOL CLASS CLAIMS SHOULD BE STRICKEN

### A.    The Putative Class Does Not Satisfy Rule 23(a)(2) Or 23(b)

#### i.    Plaintiffs Cannot Satisfy Rule 23(a)(2)

Under Rule 23(a)(2), Plaintiffs must demonstrate "questions of law or fact common to the class."  The Supreme Court has explained that this "commonality" requirement means that the plaintiff's claims "must depend upon a common contention" that is "of such a nature that it is capable of class wide resolution— which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  "'What matters to class certification . . . is not the raising of common questions—even in droves—but, rather the capacity of a class wide proceeding to generate common answers apt to drive the resolution of the litigation.  Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.'" *Id.*

Here, the complaint identifies a litany of purportedly common issues pertaining to the purported Pool Class Claims (FAC ¶ 30(a)-(e), (g)-(h)), but each of those issues revolves around the same question—"[w]hether defendants have the right to demand or collect payments from plaintiffs or the Class." *E.g.*, FAC ¶ 30(d).  Resolution of that question requires individual inquiry into the circumstances of each purported class member's loan documents to determine whether they may be enforced by Defendants, and also what remedy – if any – a putative class member could be entitled to receive.  Thus, a class trial could not resolve any issue that "is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551.

#### ii.    Plaintiffs Cannot Satisfy Rule 23(b)

In addition to demonstrating compliance with Rule 23(a), Plaintiffs "must satisfy at least one of the three requirements listed in Rule 23(b)." *Dukes*, 131 S.

7

1   Ct. at 2548.  This case does not fit within Rule 23(b)(1): the purported Pool Class
2   Claims risk neither "inconsistent" adjudications "that would establish incompatible
3   standards of conduct" nor "would substantially impair" the interests of third
4   parties.

5           This case also does not fit within Rule 23(b)(2), which applies when "the
6   party opposing the class has acted … on grounds that apply generally to the class,
7   so that final injunctive relief or corresponding declaratory relief is appropriate
8   respecting the class as a whole."  To begin with, Rule 23(b)(2) "does not authorize
9   class certification when each individual class member would be entitled to an
10  individualized award of monetary damages."  *Dukes*, 131 S. Ct. at 2557.  Here, the
11  Pool Class Claims also seek a declaration that Defendants "must reimburse
12  members of the Class for all sums collected from Class members when these
13  defendants were not entitled to enforce Class members' mortgages."  FAC ¶ 38(d).
14  While the latter request is framed as one for declaratory relief, in reality it simply
15  seeks money damages.  "Almost invariably … suits seeking (whether by judgment,
16  injunction, or declaration) to compel the defendant to pay a sum of money to the
17  plaintiff are suits for 'money damages' … since they seek no more than
18  compensation for loss."  *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S.
19  204, 210 (2002).  And where, as here, "the relief sought would simply serve as a
20  foundation for a damages award or when the requested injunctive relief merely
21  attempts to reframe a damages claim, the class may not be certified under Rule
22  23(b)(2)."  *Richards v. Delta Air Lines*, 453 F.3d 525, 530 (D.C. Cir. 2006)
23  (citations omitted); *id.* at 531 (denying Rule 23(b)(2) certification in suit seeking
24  declaration that defendant must compensate class members because "'[a] plaintiff
25  cannot transform a claim for damages into an equitable action by asking for an
26  injunction that orders the payment of money'"); *Cholakyan v. Mercedes-Benz,*
27  *USA*, No. 10–05944, 2012 WL 1066755, at *19-20 (C.D. Cal. Mar. 28, 2012)
28  (denying Rule 23(b)(2) certification in suit seeking injunction requiring defendant

8

1  to "reimburse" class members because injunction had "the same effect" as request

2  for damages).

3      Even apart from Plaintiffs' request for damages, the purported Pool Class

4  Claims cannot be certified under Rule 23(b)(2) because they are "claims for

5  *individualized* relief."  *Dukes*, 131 S. Ct. at 2557.  Each claimant must prove that

6  Defendants lack the right to enforce his or her particular loan documents and that

7  he or she is entitled to a specific remedy unique to his or her particular mortgage.

8  Thus, no injunction could "provide relief to each member of the class."  *Id.*;

9  *Cholakyan*, 2012 WL 1066755, at *18 ("no single declaration or injunction sought

10  would benefit the class as a whole").

11      Accordingly, the purported Pool Class Claims must be certified under Rule

12  23(b)(3), if at all.  Under Rule 23(b)(3), class actions may proceed only where

13  "questions of law or fact common to the members of the class predominate over

14  any question affecting only individual members," and "a class action is superior to

15  other available methods for the fair and efficient adjudication of the controversy."

16  Plaintiffs cannot satisfy these "predominance" and "superiority" requirements here.

17          **a.     Individual issues predominate over any common issue**

18      Even if Plaintiffs could identify a common issue, "the predominance

19  criterion is far more demanding."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591,

20  623-24 (1997).  The predominance inquiry focuses on "the relationship between

21  the common and individual issues" and "tests whether proposed classes are

22  sufficiently cohesive."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir.

23  1998) (internal citations and quotations omitted).  If "factual proof unique to each

24  individual" must be examined to establish liability as to each putative class

25  member, then Plaintiffs "cannot satisfy the Rule 23(b)(3) predominance standard."

26  *Amchem*, 521 U.S. at 624; *see Zinser v. Accufix Research Inst., Inc.*, 253 F.3d

27  1180, 1189 (9th Cir. 2001) ("'[I]f the main issues in a case require the separate

28  adjudication of each class member's individual claim or defense, a Rule 23(b)(3)

9

1   action would be inappropriate'"").  Courts have struck class allegations due to

2   predominating individual issues.  *E.g.*, *Sanders*, 672 F. Supp. 2d at 990; *Stearns v.*

3   *Select Comfort Retail Corp.*, No. 08-2746, 2009 WL 4723366, at *15 (N.D. Cal.

4   Dec. 14, 2009).

5       As we have said, Plaintiffs' purported Pool Class Claims center around the

6   highly-individualized question of whether Defendants may enforce class members'

7   loan documents.  Resolution of that question would require a jury to examine each

8   putative class member's loan documents to determine whether they provide

9   Defendants with enforcement rights.  If they do, the jury would have to determine

10  whether Defendants transferred those rights.  If they do not, the jury would have to

11  determine whether Defendants purchased the loan in question or entered into an

12  agreement to service the loan.

13      Even if Defendants produced documents indicating that they may enforce a

14  purported class member's loan, the class member could challenge the

15  enforceability or authenticity of those documents.  For example, Citi produced

16  documents in this litigation showing that it acquired servicing rights on Plaintiffs'

17  loan via an agreement under which ABN AMRO sold the loan to Merrill Lynch

18  (now Bank of America).  Yet the complaint alleges that those documents are

19  insufficient to prove that Defendants own or service their loan.  FAC ¶ 11.  Other

20  putative class members would no doubt raise different challenges to different loan

21  transfer agreements.  In addition, Citi produced an allonge to Plaintiffs' note

22  showing that ABN AMRO endorsed it to "blank," thereby providing enforcement

23  rights to Citi as the holder of the original note.  Plaintiffs argue, however, that the

24  allonge may be a "forgery" (Dkt. No. 103 at 6), that it was insufficiently affixed to

25  the note (*id.* at 14), and that it may have been affixed after ABN AMRO

26  transferred the loan (*id.*).  Such highly-individualized arguments require class-

27  member-by-class-member inquiry, as well as proof of claims and any associated

28  remedies on an individual basis.  As such, the Pool Class claims fail to demonstrate

10

1   predominance of common issues.  *See, e.g., Gates v. Rohm & Haas Co.,* 655 F.3d

2   255, 270 (3d Cir. 2011) (upholding denial of class certification under Rule 23(b)(3)

3   where plaintiffs sought a "highly individualized remedy" on behalf of the putative

4   class, which also required "individual proof of class members' specific

5   characteristics"); *see also Andrews v. Chevy Chase Bank*, 545 F.3d 570, 574 (7th

6   Cir. 2008) (noting that the variations between each putative class member's

7   "highly individualized remedy" made it an "extremely poor fit for the class-action

8   mechanism," and therefore remedy could not be pursued on class basis).

9        Plaintiffs' purported Pool Class Claims raise additional claimant-specific

10   questions as well.  For example, individual inquiry is essential to determine

11   whether Defendants demanded or collected any payments from each putative class

12   member, and whether Defendants issued any credit reports about class members

13   that could be considered "negative."  Individual inquiry would also be needed to

14   determine the amount of any reimbursement that a purported class member might

15   be owed as well as the amount of any damages resulting from a negative credit

16   report—inquiries complicated by the potential that Defendants had a right to

17   enforce class members' loan documents during part but not all of the loan's

18   duration.

19        To make matters worse, Plaintiffs' purported nationwide class implicates the

20   laws of all fifty states.  The Supreme Court has stated that "where the applicable

21   law derives from the law of the 50 states … , differences in state law will

22   'compound the [ ] disparities' among class members from the different states."

23   *Amchem*, 521 U.S. at 624; *see Zinser*, 253 F.3d at 1189 (no predominance where

24   "the law of forty-eight states potentially applies").  Plaintiffs themselves have

25   suggested that the governing law may vary from state to state.  In arguing

26   (incorrectly) that the Plaintiffs' loan documents are not "negotiable instruments"

27   and thus not subject to the California Commercial Code's "holder" rule, Plaintiffs

28   acknowledged that "such notes may be negotiable under the laws of some other

11

states." Dkt. No. 103 at 11.  This need to delve into individual states' laws further detracts from predominance.

**b.      Class adjudication is inferior to individual suits**

The Ninth Circuit has held that "when the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the superior method of adjudication." *Zinser*, 253 F.3d at 1192 (internal quotations omitted).  Here, given the individual issues at the heart of this case, and the need to apply the laws of all 50 states, class adjudication would be hopelessly unmanageable.  *See In re Paxil Litig.*, 212 F.R.D. 539, 551 (C.D. Cal. 2003) ("'When individualized determinations must be made, and then applied under the gamut of state law, class certification would provide massive manageability problems for a court'"); *Gartin v. S&M NuTec, LLC*, 245 F.R.D. 429, 439 (C.D. Cal. 2007).  In short, "an action conducted nominally as a class action would degenerate in practice into multiple lawsuits separately tried."  Fed. R. Civ. P. 23(b)(3), 1966 Adv. Comm. Note.

Moreover, as the Supreme Court has noted, "'[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.'"  *Amchem*, 521 U.S. at 617.  But this is not a case where "the amounts at stake for individuals may be so small that separate suits would be impracticable." *Id.* at 616.  Plaintiffs' theory is that purported class members should be reimbursed for all payments they have made on their loans and should have their future obligations extinguished.  Thus, purported class members with valid claims have ample incentive to sue individually.

**B.      The Named Plaintiffs' Claims Are Not Typical Of The Purported Class Claims And They Are Not Adequate Class Representatives**

Under the "typicality" requirement of Rule 23(a)(3), "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the

12

1  class."  Under the "adequacy" requirement of Rule 23(a)(4), the named plaintiffs

2  must "fairly and adequately protect the interests of the class."  The Supreme Court

3  has explained that the typicality and adequacy requirements "'tend to merge.'"

4  *Dukes*, 131 S. Ct. at 2551 n.5.

5      A plaintiff's claim is "typical" of the class claims only "'when each class

6  member's claim arises from the same course of events, and each class member

7  makes similar legal arguments to prove the defendant's liability.'"  *Stearns v.*

8  *Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011).  "A named plaintiff's

9  motion for certification should not be granted if there is a danger that absent class

10 members will suffer if their representative is preoccupied with defenses unique to

11 it."  *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1321 (9th Cir. 1997).

12 Thus, "when named plaintiffs are subject to unique defenses which could skew the

13 focus of the litigation, district courts properly exercise their discretion in denying

14 class certification."  *Id.*, *accord Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984

15 (9th Cir. 2011); *Hanon v. v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.

16 1992).  Applying that rule, this Court has denied class certification on typicality

17 grounds when "Plaintiffs are susceptible to individual defenses that threaten to

18 detract seriously from the presentation of the class's case and become a central

19 focus of the litigation."  *Kandel v. Brother Int'l Corp.*, 264 F.R.D. 630, 632 (C.D.

20 Cal. 2010), *accord Evans v. IAC/Interactive Corp.*, 244 F.R.D. 568, 577 (C.D. Cal.

21 2007) (Fischer, J.) (plaintiff "does not satisfy the typicality requirement" because

22 his "claims might be subject to a unique defense"); *see also Legge v. Nextel*

23 *Cmmc'ns*, No. CV 02–8676, 2004 WL 5235587, at *7, *11 (C.D. Cal. June 25,

24 2004) (Fischer, J.)  (plaintiffs who "are prone to individualized defenses" may be

25 inadequate class representatives).

26      Similarly, this Court has noted that the named Plaintiffs "would be certainly

27 distracted by issues that probably don't apply to other potential plaintiffs."[8]

28 _____

[8] Rich Decl., Ex. B (Hearing on Citi's Motion to Dismiss Third Amended

(cont'd)

13

1  Indeed, Citi has defended against Plaintiffs' claims by citing the ABN AMRO-

2  Merrill Lynch agreement under which Citi became the servicer of Plaintiffs' loan

3  as well as the allonge attached to Plaintiffs' note.  The authenticity of the allonge

4  to Plaintiffs' note is relevant only to Plaintiffs.  As a result, Citi's unique defenses

5  to Plaintiffs' claims threaten to skew the focus of the litigation, detracting from

6  Plaintiffs' ability to adequately represent the purported class.

7           **C.      The Class Is Not Ascertainable**

8           "It is well settled that in addition to meeting the explicit requirements of

9  Rule 23, a party seeking class certification must meet certain implicit, 'threshold'

10  requirements … ."  *Tidenberg v. Bidz.com*, No. 08–5553, 2010 WL 135580, at *2

11  (C.D. Cal. Jan. 7, 2010).  Those threshold requirements include that the class

12  definition "be 'precise, objective, and presently ascertainable.'"  *Id.*; *see John v.*

13  *Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 & n.4 (5th Cir. 2007) ("Where it is

14  facially apparent from the pleadings that there is no ascertainable class, a district

15  court may dismiss the class allegation on the pleadings") (citing cases).

16           While the redefined Pool Class appears to be relatively straightforward,

17  (persons whose loans were included in the pool that ABN Amro sold to Merrill

18  Lynch), to determine class membership the Court would still be forced to engage

19  in individual inquiries into the specific loan documentation and other evidence for

20  each putative class member, in order to assess proper class membership and proper

21  remedies for each individual.

22           Hornbook law provides that a class definition is insufficiently ascertainable

23  "if a court must make a determination of the merits of the individual claims to

24  determine whether a particular person is a member of the class."  5 *Moore's*

25  *Federal Practice* § 23.21[3][c] (Matthew Bender 3d ed.).  California federal courts

26  have repeatedly applied that rule in rejecting class allegations that required

27  resolution of class members' claims simply to determine class membership.  *E.g.*,

28  Complaint, at 13:6-11; 28:16-19 (Mar. 5, 2012)).

*Brazil v. Dell, Inc.*, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008) (striking class allegations defining classes to include persons who bought computer products that "'Dell falsely advertised'" because "[t]o determine who should be a member of these classes, it would be necessary for the court to reach a legal determination that Dell had falsely advertised); *Rodriguez v. Gates*, No. 99-13190, 2002 WL 1162675, at *8-9 (C.D. Cal. May 30, 2002) (denying certification of class defined to include "'[a]ll persons whose rights … were violated'" because "there is no objective way to determine who is a member of the class … without first deciding the merits of each putative class member's claim"); *Mad Rhino, Inc. v. Best Buy Co.*, No. 03–5604, 2008 WL 8760854, at *3 (C.D. Cal. Jan. 14, 2008) (denying class certification in part because "impermissibly vague" class definition "prevent the Court from determining who is or is not in the class without evaluating the merits"). These courts have called such classes "'fail safe' class[es] because the class definition precludes the possibility of an adverse judgment against class members; the class members either win or are not in the class.'" *Heffelfinger v. Elec. Data Sys. Corp.*, No. 07-00101, 2008 WL 8128621, at *10 (C.D. Cal. Jan. 7, 2008), *accord*, *e.g.*, *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011).

The complaint in this case pleads a "fail-safe" class. To determine class membership (*i.e.*, to verify whether the individuals in the Matas' loan pool also belong to the putative Pool Class), the Court would have to conduct countless full-blown trials into each class member's individual circumstances to resolve whether Defendants were entitled to enforce their notes. "Maintenance of such a class turns Rule 23 on its head by requiring that the court address the merits of plaintiffs' claims before certifying a class," eliminating the efficiencies essential to class adjudication and precluding the possibility of an adverse judgment against any class member. *Heffelfinger*, 2008 WL 8128621, at *10 n.57.

**V.     CONCLUSION**

For the foregoing reasons, Citi respectfully requests that the Court strike the class allegations set forth in FAC ¶ 27(a) and all related class allegations in the FAC.

Dated:  June 18, 2012                                MAYER BROWN LLP
                                                                    ELIZABETH MANN
                                                                    STEVEN E. RICH


                                                                    By:/s/ Elizabeth Mann
                                                                         Elizabeth Mann
                                                                    Attorneys for Defendant CitiMortgage, Inc.

16