# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 10-9167 DSF (PLAx) | Date | 1/6/14 |
|---|---|---|---|

| Title | Marc Mata, et al. v. Citimortgage, Inc., et al. |
|---|---|

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Defendants' Motions for Summary Judgment; Order DENYING Plaintiffs' Motion for Summary Judgment (Dkt. Nos. 157, 158, 162)

      Plaintiffs Marc Mata and Sherry Marshall brought this suit seeking a declaratory judgment that neither Defendant owns or is "entitled to enforce" Plaintiffs' home loan. Plaintiffs and both Defendants have filed motions for summary judgment as to the declaratory relief claim.[1]

      "A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "This burden is not a light one."  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).  But the moving party need not disprove the opposing party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial.  Id. at 323-24; Fed. R. Civ. P. 56(c)(1).

---

[1] Three other claims in the Fourth Amended Complaint against Citimortgage, Inc. have been severed and consolidated into the pending In re Citimortgage, Inc. HAMP Contract Litigation MDL, MDL No. 2274 (ML 11-2274 DSF (PLAx)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  An issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. Id. at 250-51.  "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury . . . could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict . . . ." Id. at 252.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248.

The material facts in this case are straightforward and undisputed.  In 2006, Plaintiffs took out a home loan from ABN AMRO Mortgage Group, Inc.  (Citi SUF ¶ 1.)  In or around January 2007, ABN AMRO purported to transfer Plaintiffs' loan to Merrill Lynch Bank USA (Merrill Lynch).  (See Citi SUF ¶¶ 6-10.)  Plaintiffs contend that the transfer did not occur or that it otherwise had no legal effect, but they have not produced any evidence to dispute that ABN AMRO did indeed purport to transfer the loan to Merrill Lynch.  In September 2007, ABN AMRO merged into Defendant Citimortgage, Inc.  (Citi SUF ¶ 11.)  In 2009, Merrill Lynch merged into Defendant Bank of America, N.A.  (Citi SUF ¶ 14.)  ABM AMRO was the original servicer of Plaintiffs' loan, (Citi SUF ¶ 8), and there is no evidence that any other servicer has ever been named by any party purporting to own the loan.  In any event, there is no evidence that Plaintiffs have been notified of any change in servicer other than the change to Citimortgage.  Notice to the borrower of a change in servicer is required by law.  12 U.S.C. § 2605(b), (c).  Citimortgage has serviced the loan since its acquisition of ABM AMRO in September 2007.  (Citi SUF ¶ 16.)

Plaintiffs are not entitled to a declaration that neither Citimortgage nor Bank of America is entitled to payment or otherwise to enforce the home loan contract.  Defendants have provided ample evidence to support their claims to enforce the note and Plaintiffs have provided no evidence to the contrary.  There is no evidence in the record to suggest that any entity other than Defendant Citimortgage, Inc. is the rightful servicer of the loan in question.  Citimortgage is the successor by merger to the original servicer of the loan and there is no evidence that any other servicer has ever been named for the loan.[2]

---

[2] This alone may be enough to defeat Plaintiffs' claim, at least against Citimortgage.  Given the evidence that Citimortgage is the proper servicer, Plaintiffs have a burden to provide some

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

The Court need not determine the true owner of the loan because the only evidence in the record shows that the true owner is one of the two Defendants.  If the September 2007 transfer to Merrill Lynch – later Bank of America by merger – had been invalid, the loan would have remained with ABM AMRO - and ABM AMRO was merged into Citimortgage.  So if the September 2007 purported transfer was not legally effective, Plaintiffs should be paying Citimortgage as servicer *and* owner.  Plaintiffs have no counterargument that is even minimally colorable against this logical result.  They claim that through the (allegedly) failed transfer ABM AMRO somehow alienated the note without Merrill Lynch having acquired it.  They provide no legal support for this idea, which seems to be based on a too-clever-by-half reading of the burden of proof related to assignments.  In Plaintiffs' view, Defendants admit that ABM AMRO tried to sell the note and, thus, admit to having alienated it.  Plaintiffs nevertheless contend that Defendants have failed to demonstrate that Merrill Lynch (or any other entity) successfully purchased the note.  This argument is simply illogical.  There is absolutely no support for Plaintiffs' idea of a contract purgatory where notes go, ownerless and unenforceable, when the assignee later fails to demonstrate that the assignment was adequately consummated.  After the attempted assignment, either the attempted assignor still owned the note or the attempted assignee did.  No argument about the burden of proof in a motion six years later can change that.  The situation that Plaintiffs seek to exploit is simply an artifact of Defendants' litigating position.  Defendants *agree* with each other that the assignment was valid.  Therefore, Citimortgage does not claim ownership of the note.  Quite logically, when the question arose in conjunction with these motions, Defendants both argued that Citimortgage would own the note if the assignment were not valid.

That Citimortgage might be mistakenly paying the proceeds of the loan to Bank of America does not create a bona fide dispute between Plaintiffs and Defendants.  It is Plaintiffs' responsibility to pay the servicer designated by the note holder. (See BofA SUF ¶¶ 5, 6.)  Bank of America admits that the servicer is Citimortgage.  (BofA SUF ¶ 9.)  Citimortgage believes that the owner of the note is Bank of America.  (Citi SUF ¶¶ 10, 14, 15.)  If Citimortgage is both the servicer and the actual owner of the loan, but is paying Bank of America instead of keeping the money for itself, that is a matter solely between them.  Plaintiffs have fulfilled their obligation to pay the only servicer that has been designated for the loan.  Further, both Citimortgage and Bank of America have

---

evidence to suggest that it is not.  And even if a change in servicer had occurred without notice, Plaintiffs would have a concrete direct remedy with which to recover any damages they might have incurred from paying the wrong servicer.  See 12 U.S.C § 2605(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

made extensive admissions in this case – relied on by this Court – that would undoubtably estop them from changing those positions in any future litigation with Plaintiffs.

In essence, the viability of Plaintiffs' case hinges on the idea that, perhaps, their loan was sold at some point to some unidentified person or entity who has changed the rightful servicer on the loan without any notice to Plaintiffs or, presumably, to Citimortgage.  But there is not even a scintilla of evidence in the record to suggest that this happened.  There have been no competing demands for payment from the phantom purchaser.  (Citi SUF ¶ 2.)  There is no evidence of a second purported transfer of the note requiring the Court to decide which transfer was valid.  Nor is there any evidence to suggest that Plaintiffs' loan has ever had any servicer other than ABM AMRO and its successor by merger, Citimortgage.  It is not enough for Plaintiffs to fall back on the fact that Defendants can never definitively prove a negative – that another servicer was *not* named and that another transfer did *not* occur.  Defendants have provided ample proof that they are entitled to enforce the loan and Plaintiffs have produced no evidence to the contrary.

Defendants' motions for summary judgment are GRANTED.  Plaintiffs' motion for summary judgment is DENIED.

IT IS SO ORDERED.